## COLLIER *v.* WEYMAN & CONNORS.

1. If two persons enter into a written contract wherein it is stipulated that one
   is to procure a loan of a certain amount of money for the other, and the lat-
   ter agrees to pay a named amount as commission for the services of the for-
   mer, and no time is fixed in the contract for the procurement of the money,
   the law will construe the contract to mean that the loan is to be procured
   within a reasonable time.
2. If, shortly after the contract is executed, the broker notifies the borrower that
   he will be ready to furnish the money at a certain hour, and the borrower ap-
   pears at the time and place designated, but finds that the broker, on account
   of not having the papers fully prepared, is not quite ready to close the trans-
   action, the borrower can not for that reason withdraw from his agreement
   and thereby deprive the broker of his commission, where the latter in fact was
   ready and offered to perform later on the same day and within a reasonable
   time from the execution of the contract.
3. The evidence fully warranted the verdict.

Argued February 17,—Decided March 12, 1902.

Complaint.    Before Judge Calhoun.    City court of Atlanta.
June 29, 1901.

*J. N. Bateman* and *Westmoreland Brothers,* for plaintiff in error.
*Tompkins & Alston* and *Arnold & Arnold,* contra.

SIMMONS, C. J.    According to the record, Collier desired to bor-
row $6,500 or $7,500.    He applied to Weyman & Connors to pro-
cure the loan for him.    They entered into a written agreement by

which Weyman & Connors, as brokers, agreed to negotiate the loan and Collier agreed to pay them $500 for their services in so doing. Collier also undertook, by this agreement, to secure the loan by a mortgage or security deed on certain lands. No time was expressly fixed in the contract, within which the brokers were to procure the money and furnish it to Collier. Two days after the signing of the contract, they notified Collier that they would be ready the next day at noon to let him have the money. At that time Collier appeared and, according to his testimony, the brokers announced that they were not quite ready, the papers not having been fully prepared. They asked him to return in half an hour. This he did, but the papers were still not ready. Collier thereupon declared the contract at an end, refusing to accept a check for the money which was tendered him. He left the office, after which one of the brokers had the check cashed, found Collier, and tendered him the money. Collier refused to receive it or to execute the papers which were tendered him along with it. All this occurred on the same day and within a very short time after Collier had declared that the contract was at an end. The brokers brought suit against Collier to recover their commission. His defense was that, as they had notified him they would be ready at noon on a named day to furnish the money and had not been ready then or half an hour later when he returned according to their request, the contract was at an end on account of their failure to comply. He claimed that he had elected to rescind because of the plaintiffs' failure to perform, and that there could be no recovery on the contract against him. The jury returned a verdict for the plaintiffs; the defendant moved for a new trial, and the judge overruled the motion.

1, 2. One of the grounds of the motion for a new trial complained that the court charged: "A mere appointment to close an agreement is not the limit of time for fulfilling the contract, and notwithstanding such appointment the plaintiffs have a reasonable time from the date of their contract in which to fulfill their part of the same." This was the principal ground relied upon here for a reversal of the judgment. We think that the charge was not, under the facts, erroneous. No time for performance was stipulated in the contract, and the law will, therefore, infer that a reasonable time was intended. If the brokers notified Collier that they would be ready to comply with their part of the contract at noon of a cer-

tain day and then failed to prepare the papers by 12:30 of that day, this would not of itself authorize Collier to rescind the contract, if a reasonable time from its execution had not expired. The notice given by the plaintiffs to the defendant was not a new contract, but an informal appointment to meet and close up the transaction. They were not ready, according to Collier's testimony, at the exact time mentioned, but were endeavoring to get the papers in shape, and showed clearly that they were acting in good faith. Collier could not arbitrarily declare the trade off and rescind the contract. One party can not rescind a contract without the consent of the other, unless the latter fails or declines to perform, and even then he can not rescind except where the opposite party can be restored to the condition he was in before the contract was made. Civil Code, § 3712. If, however, the brokers had contracted to furnish the money by noon of a certain day and Collier to comply at that time with his part of the agreement, time being of the essence of the contract, these would have been concurrent conditions to be simultaneously performed, and a non-compliance on the part of either party would have discharged the other. Civil Code, § 3708. We find no error in the charge of which complaint is made.

3. According to the evidence introduced by the plaintiffs, they were ready to perform at the time specified in their notice, except that they had a check instead of the money for Collier. This they offered to have cashed or to give to Collier to cash before he signed up the papers. Within a short time afterwards on the same day they tendered him the money, and still he refused to comply with the contract. This was within a reasonable time from the execution of the contract. The evidence indicates that the reason Collier refused to accept the money was that his need for it had been removed. Certainly the evidence was sufficient to authorize the verdict for the plaintiffs, and the judge did not err in refusing a new trial.

*Judgment affirmed. All the Justices concurring, except Little, J., absent.*